In The
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD M. SCHULZE**, | : | |
| Plaintiff, | : | Civil Action No. **02-155E** |
| vs. | : | |
| **CLAYTON E. SCHULZE** and **PATRICIA SCHULZE**, husband and wife, | : | |
| Defendants, | : | |
| vs. | : | |
| **TODD M. SCHULZE** and **BRANDI SCHULZE**, husband and wife; and **MR. T's RE-BAR, INC.**, | : | |
| Counterclaim Defendants. | : | |

**MOTION BY THE PLAINTIFF FOR LEAVE TO
AMEND PRETRIAL STATEMENT**

Plaintiff, Todd M. Schulze, by his undersigned counsel, hereby moves the Court pursuant to Section 7(e) of the Court's Case Management Order, for leave to file amend his previously filed Amended Pretrial Statement, and file a Second Amended Pretrial Statement. In support of this Motion the Plaintiff respectfully states:

1.  Since the pretrial conference in this case, there have been a number of substantial changes to the claims which are before the Court. Chief among these changes is the severance of claims pertaining to loan accounts from the claims of breach of fiduciary duty and patent claims, and the submission of the loan accounting to arbitration. This has greatly altered the proof the Plaintiff expects to offer at trial, particularly exhibits.

2. Testimony of a representative of Fukuvi, USA, Inc. (hereinafter "Fukuvi") taken at the direction of the Court following the pretrial conference, has also caused the Plaintiff to drop a claim for an accounting for royalties due to the Plaintiff under the joint licensing agreement with Fukuvi. The testimony of Fukuvi, which will be submitted by deposition, has allowed the Plaintiff to do a complete accounting and liquidate the claim. Although the claim remains, the accounting, and related exhibits, is greatly simplified.

3. The Amended Pretrial Statement did not reflect the fact that patents issued for the "Stud Extension" ("Weldment Plate Spacer Support") in late 2004, well after this litigation commenced. The issuance of those patents may materially affect issues regarding the burden of proof in this case.

4. The Plaintiff has withdrawn a claim for damages for the loss of a contract to sell patent rights for $400,000, and wishes instead to claim damages for lost profits on the sale of patented articles by the Defendants, as allowed under 35 U.S.C. § 284.

5. Counsel fees have increased significantly as work on this case and the related patent cases has proceeded. The Second Amended Pretrial Statement reflects these changes.

6. The Plaintiff has revised his Exhibits List in accordance with the foregoing, and has now pre-numbered his Exhibits. The Exhibits list is attached to the Plaintiff's Second Amended Pretrial Statement.

7. The Plaintiff respectfully maintains the allowance of this Second Amended Pretrial Statement will serve to clarify the issues and avoid confusion between the case as it was previously framed and the case as it stands today.

8. The Plaintiff further respectfully maintains the filing of this Second Amended Pretrial Statement will not prejudice the Defendants, even though it is close to the time of trial.

The changes represent the elimination of claims and exhibits, rather than the addition of any claims or exhibits.[1]

WHEREFORE, the Plaintiff respectfully prays this Court will allow the foregoing amendments to the Plaintiff's Pretrial Statement, and direct that the attached "Second Amended Pretrial Statement" be substituted for the Plaintiff's previously filed "Amended Pretrial Statement."

Respectfully submitted,

_____
Peter N. Georgiades (Pa. I.D. No. 25554)

Greystone Legal Associates, P.C.
Birmingham Place - Suite 201
2313 East Carson Street
Pittsburgh, Pa. 15203
(412) 381-8100

Attorneys for the Plaintiff.

---

[1] A new exhibit has been added. It is an updated accounting of damages. It replaces the accounting of damages prepared by the Plaintiff and attached to his earlier Amended Pretrial Statement. The old accounting contains information which is now immaterial, and some of which has been shown to be incorrect.